IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GERALD CAIN | § | |
|     TDCJ-CID #812200 | § | |
| | § | |
| V. | § | C.A. NO. C-07-354 |
| | § | |
| WARDEN JACKSON, ET AL. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION
TO PROCEED *IN FORMA PAUPERIS*, SUBJECT TO SANCTIONS,
AND INSTRUCTING ATTORNEY GENERAL TO RESPOND**

Pending is plaintiff's motion for leave to proceed *in forma pauperis* ("i.f.p.") pursuant to the imminent danger exception of 28 U.S.C. § 1915(g). (D.E. 2). Although plaintiff is a three-strikes litigant, he claims that his life is in danger because he has been repeatedly attacked by inmates belonging to Security Threat groups ("STG") and prison officials have denied his request for protection, such that he should be allowed to proceed i.f.p. For the reasons stated herein, plaintiff's motion for leave to proceed i.f.p. is GRANTED. A collection order will be entered by separate order. In addition, the Attoney General, as *amicus curie*, is instructed to respond to plaintiff's motion for temporary preliminary injunction (D.E. 3), within thirty (30) days of the date of entry of this order.

### I. Background facts and plaintiff's allegations

Plaintiff is a Texas state prisoner currently incarcerated at the McConnell Unit in Beeville, Texas. He filed his civil rights complaint (D.E. 1) and request for injunctive relief (D.E. 3) on August 31, 2007, seeking an immediate transfer off the McConnell Unit on the grounds that his life is in danger. Plaintiff relates that, since September 2006, he has been

the target of STGs for extortion and violence. (D.E. 1 at 9).[1] He claims that he has been assaulted and stabbed by other inmates, and that some of these inmates have been prosecuted and received disciplinary convictions for the assaults. Id. However, plaintiff claims that for every offense that has been punished, ten offenses go unnoticed by prison staff. Id. He claims that he has sought protection, but the prison administration denies it. Id.

In his request for a temporary restraining order/preliminary injunction, (D.E. 3), plaintiff claims that he was seriously injured on August 10, 2007, and again on August 24, 2007. Id. at 26. He claims that inmates involved in organized crime are attempting to murder him, even in the presence of prison officials. Id. at 27. Plaintiff states that he has been stabbed and is in fear of losing his left hand due to a metal weapon lodged in it from an STG attack. Id.

On August 16, 2007, plaintiff went before Warden Mendoza on his life in danger ("LID") claim. Id. Warden Mendoza was "aware of plaintiff's plight" and knew that plaintiff had the piece of metal imbedded in his left hand from a prior attack. Id. However, Warden Mendoza denied plaintiff's LID claim "within 30 seconds of plaintiff entering his office." Id. Approximately ten days later, plaintiff was stabbed by STG member Russell, who has a history of attempting to murder him. Id. at 28.

Plaintiff seeks a transfer off the McConnell Unit, as well as compensatory damages. (D.E. 1 at 9).

---

[1]The Court employ's plaintiff's page numbering.

## II. Three strikes rule

Prisoner civil rights actions are subject to the provisions of the Prison Litigation Reform Act ("PLRA"), including the three strikes rule, 28 U.S.C. § 1915(g). The three strikes rule provides that a prisoner who has had, while incarcerated, three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted is prohibited from bringing any more actions or appeals *in forma pauperis*. 28 U.S.C. § 1915(g); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998); Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). The three strikes rule provides an exception permitting prisoners who are under imminent danger of physical harm to proceed without prepayment of the filing fee. Id.

The courts have stated that in order to meet the imminent danger requirement of § 1915(g), the threat must be "real and proximate." Ciarpaglini v.Saini, 325 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed, and the complaint must refer to a "genuine emergency" where "time is pressing." Heimerman v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003). In passing the statute, Congress intended a safety valve to prevent impending harms, not those which had already occurred. Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3d Cir. 2001).

### III. Analysis

In seeking leave to proceed under the threat of imminent physical injury exception, plaintiff effectively concedes that he is a three strikes litigant. Indeed, plaintiff has had at least three prior actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted. See e.g. Cain v. Ambriz, et al., 2:04cv96(S.D. Tex. Apr. 28, 2004) (unpublished); Cain v. Beto I Unit, et al., 6:03cv554 (E.D. Tex. June 8, 2004) (unpublished); and Cain v. Beto I Unit, et al, No. 04-40848 (5th Cir. Feb. 23, 2005)(unpublished). Plaintiff is thus barred from filing a civil rights suit unless he is in imminent danger of physical injury.

In this case, plaintiff complains that he was assaulted twice in August 2007, and still denied protection. He complains of repeated assaults by STG members throughout the last eleven months, many of which required medical attention, and that prison officials are aware of the security risk, but continue to refuse to grant him protective custody or to transfer him to another unit. Plaintiff claims that Warden Mendoza did not seriously consider his complaints but denied them "within 30 seconds."

Plaintiff's allegations are sufficient to establish imminent danger for purposes of § 1915(g). Accordingly, plaintiff's application to proceed i.f.p. (D.E. 2) is GRANTED, and a separate collection order will be entered, allowing plaintiff to pay the full $350.00 filing fee over time.

The Clerk of the Court is instructed to send a copy of plaintiff's original complaint (D.E. 1) and the motion for preliminary injunction (D.E. 3) to the Texas Attorney General,

who is ordered to respond, as *amicus curie*, to plaintiff's request for injunctive relief, within **thirty (30) days of the date of entry of this order.** The Attorney General may file a <u>Martinez</u> report in support of its injunction response.

Plaintiff is cautioned that should his allegations of imminent danger have no basis in fact, he will be subject to monetary or other sanctions as deemed necessary.

ORDERED this 24th day of September, 2007.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE